JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   vs.<br><br>VACANT LAND LOCATED IN INDIO, CALIFORNIA,<br><br>      Defendant.<br><br>CIIF HOTEL GROUP, LP,<br><br>      Titleholder. | NO. EDCV 17-1033 MWF (RAOx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

1

Plaintiff and potential claimants Bear Valley Shopping Center 26, LLC and CIIF Hotel Group, LP ("potential claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Potential claimants Bear Valley Shopping Center 26, LLC and CIIF Hotel Group, LP claim an interest in the defendant property, but have not filed claims in this case or answered the complaint. However, Bear Valley Shopping Center 26, LLC and CIIF Hotel Group, LP would have filed claims and answers in this case absent this agreement. No other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant property. Any potential claimants to the defendant property other than Bear Valley Shopping Center 26, LLC and CIIF Hotel Group, LP are deemed to have admitted the allegations of the complaint with respect to the defendant property.

2. The United States of America shall have judgment as to the defendant property, and, other than those interests recognized herein, no other person or entity shall have any

right, title or interest therein. The legal description of the defendant property, which property has Assessor Parcel Numbers 600-020-016-3 and 600-020-006-4 and are more fully described as follows:

> That portion of land lying in the Northeast Quarter of the Southeast Quarter of Section 29, T.5.S., R. 7E, S.B.M., in the City of Indio, County of Riverside, more particularly described as follows:
>
> Commencing at the East Quarter corner of said section;
>
> Thence South 00 degrees 04' 55" East along the Easterly line of said section, said Easterly line also being the centerline of Jefferson Street, a distance of 1376.21 feet to the South one sixteenth corner of said section;
>
> Thence North 89 degrees 48' 30" West, a distance of 30.00 feet to a point on the Westerly right of way line of Jefferson Street, said point being on the Southerly line of said Northeast Quarter of the Southeast Quarter of section 29 and also being the true point of beginning;
>
> Thence continuing North 89 degrees 48' 30" West along said Southerly line, a distance of 699.81 feet;
>
> Thence North 00 degrees 04' 55" West, a distance of 58.48 feet to a point on the Southeasterly right-of-way line of the La Quinta Evacuation Channel;
>
> Thence North 44 degrees 48' 01", along said Southeasterly right-of-way line, a distance of 308.48 feet to the beginning of a 3110.00 foot tangent curve, concave to the Northwest;
>
> Thence Northeasterly, along said curve and said Southeasterly right-of-way line, through a central angle of 06 degrees 45' 11" an arc distance of 366.55 feet;
>
> Thence tangent to said curve North 38 degrees 02' 50" East, a distance of 387.66 feet to a point on the Westerly right-of-way line of Jefferson Street;
>
> Thence, South 00 degree 04' 55" East along said Westerly right-of-way line, a distance of 859.69 feet to the true point of the beginning.
>
> Also excepting therefrom that portion of said land as disclosed by a judgment and final order of condemnation, in favor of the City of Indio, in the Document recorded

February 10, 2003 as Instrument No. 97761 of Official Records.

Pursuant to LLA 16-61, Recorded May 13, 2000 as Instrument No. 225233 of Official Records.

3. The United States is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice to any occupants of the defendant property without further order of this Court. The United States shall thereafter sell the property as expeditiously as possible. The proceeds of the sale shall be distributed in the following priority, to the extent proceeds are available:

    a. To the United States for its costs and expenses of the sale;

    b. To the Riverside County Assessor and Tax Collector of all unpaid real property taxes assessed against the defendant property to the date of entry of the Judgment of Forfeiture;

    c. To Bear Valley Shopping Center as follows:

        i. All unpaid principal and interest due under the Note which is secured by the Assignment of Deed of Trust which was recorded as Instrument No. 2016-0307952 in the Official Records of the County of Riverside relative to the defendant property identifying Bear Valley Shopping Center as assignee and beneficiary under a Deed of Trust recorded on July 22, 2016 as Instrument No. 2016-

0307951 in said Official Records Deed of
											Trust, as of the date of the closing with
											respect to Plaintiff's sale of the defendant
											property; and

                    ii.	All other fees, costs and advances as
											provided under the terms of the Note and
											Deed of Trust, as of the date of the closing
											with respect to Plaintiff's sale of the
											defendant property.  These fees, costs and
											advances include, but are not limited to,
											fees, advances or costs for property taxes,
											insurance (including for hazard insurance),
											reasonable attorney fees and costs and fees
											and costs incurred in protecting Bear Valley
											Shopping Center's security interest; and

       d.	The balance shall be paid and forfeited to the
						United States of America, and such funds shall be
						disposed of according to law.

   4.	Except for any obligations as created herein, potential claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of potential claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.  Potential claimants have also

waived any rights they may have to seek remission or mitigation of the forfeiture.  Nothing in this Consent Judgment is intended as, nor should anything in this Consent Judgment be interpreted as an admission by potential claimants of any liability or wrongdoing.

//

5. The court finds that there was reasonable cause for the institution of these proceedings pursuant to 28 U.S.C. § 2465. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED: September 5, 2017  _____
THE HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Prepared by:

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section